**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:    Case No.: 15-32347 VFP

JULIE C. FREEMAN,    Judge: PAPALIA

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original    ☒ Modified/Notice Required    Date: MAY 22, 2020

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ___HR___    Initial Debtor: ___JF___    Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____**_____ per _____MONTH_____ to the Chapter 13 Trustee, starting on \_\_\_\_\_DECEMBER OF 2015\_\_\_\_\_ for approximately _____66_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:

\*\* i. $113,998 paid in to date through May of 2020 (54 months)
   ii. $750 per month, starting in June of 2020, for a period of twelve (12) months

**Part 2:    Adequate Protection ☒ NONE**

      a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

      b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ |
| DOMESTIC SUPPORT OBLIGATION | NONE AS TO DOMESTIC SUPPORT | $    Balance Counsel Fee Due |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. |  |  |

## Part 4:    Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| WELLS FARGO HOME MORTGAGE | MORTGAGE ARREARS PERTAINING TO REAL PROPERTY RE: 1146 LORRAINE AVE., PLAINFIELD, NJ | $112,496.08 | N/A | $112,496.08 | CONTINUED PAYMENTS STARTING IN DECEMBER OF 2015 TO BE PAID BY DEBTOR DIRECTLY TO WELLS FARGO |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☒ **NONE**

    1.)  The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

    2.)  Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e.  Surrender**  ☒ **NONE**

    Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

### Part 5:    Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than  100_____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| FEDERAL LOAN SERVICE AND AES | STUDENT LOANS; NON-DISCHARGEABLE OBLIGATION(S) | CONTINUED DIRECT PAYMENTS BY THE DEBTOR TO AES AND FEDERAL LOAN SERVICE. NO ARREARS. CONTINUED DIRECT PAYMENTS BY THE DEBTOR | CONTINUED PAYMENTS BY THE DEBTOR DIRECTLY TO AES & FEDERAL LOAN SERVICE. TRUSTEE IS NOT TO MAKE PAYMENT ON THESE OBLIGATION(S). |

| Part 6: | Executory Contracts and Unexpired Leases ☐ NONE |
|---|---|

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| CHASE AUTO FINANCE | AUTOMOBILE LEASE REGARDING A 2013 MAZDA CS-9 | AUTOMOBILE LEASE | REJECT LEASE.  TERM OF LEASE HAS EXPIRED | NO CONTINUED PAYMENTS.  LEASE TERM EXPIRED.  REJECT LEASE. |

| Part 7: | Motions ☒ NONE |
|---|---|

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

   a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**   ☒ **NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

    **b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

    **c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8:  Other Plan Provisions

    **a. Vesting of Property of the Estate**

        ☒   Upon confirmation

        ☐   Upon discharge

    **b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Counsel Fees & Supp. Counsel Fees (Fully paid before other Claims)

3) Secured Claims and then Priority Claims

4) Unsecured Claims

### d. Post-Petition Claims

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: DECEMBER 20, 2015.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Because of the Covid-19 situation, my income has been reduced significantly.  I cannot pay the full mortgage payment without a reduction the plan payments.  I will then not be able to timely complete the plan.  The plan must be extended.  At this time, according to my employer the projected return date to work is August 1, 2020, however, that is not set in stone.  In addition, once I return to work, it may be some time before | things return to some degree of normalcy.  Thus I am providing for a plan payment reduction to $750 per month and extension of the plan term by six months for a total of 66 months.  Plan still pays 100% payment on unsecured claims. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: MAY 22, 2020                                           /S/ JULIE C. FREEMAN
                                                             Debtor

Date: _____                                 _____
                                                             Joint Debtor

Date: MAY 22, 2020                                           /S/ HERBERT B. RAYMOND, ESQ.
                                                             Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 15-32347-VFP
Julie C Freeman                                                           Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2         User: admin              Page 1 of 2          Date Rcvd: May 26, 2020
                             Form ID: pdf901          Total Noticed: 30

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 28, 2020.
db             +Julie C Freeman,    1146 Loraine Avenue,    Plainfield, NJ 07062-2046
cr             +U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CIT,     Phelan Hallinan & Schmieg, PC,
                400 Fellowship Road,    Suite 100,    Mt. Laurel, NJ 08054-3437
cr             +WELLS FARGO BANK, N.A. AS SERVICER FOR U.S. BANK N,     Phelan Hallinan & Schmieg, PC,
                400 Fellowship Road,    Suite 100,    Mt. Laurel, NJ 08054-3437
515874244      +AES,    PO Box 2461,    Harrisburg, PA 17105-2461
515899043     ++ASCENDIUM EDUCATION SOLUTIONS   INC,    PO BOX 8961,    MADISON WI 53708-8961
               (address filed with court: NAVIENT SOLUTIONS, INC ON BEHALF OF USA FUNDS,
                ATTN: BNKRPTCY LITIGATION UNIT E 3149,     PO BOX 9430,    WILKES-BARRE, PA 18773-9430)
515874243      +Aes,    PO Box 61047,    Harrisburg, PA 17106-1047
515874246      +Chase Auto,    600 Community Drive,    Manhasset, NY 11030-3802
515874249       Chase Auto Finance,    PO Box 71,    AZ1-1352,    Phoenix, AZ 85001-0071
515874253      +Federal Loan Service,    PO Box 60610,    Harrisburg, PA 17106-0610
515874254      +Kelvin Freeman,    1146 Loraine Avenue,    Plainfield, NJ 07062-2046
516101733      +U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CIT,     ATTENTION: BANKRUPTCY DEPARTMENT,
                MAC# D3347-014,    3476 STATEVIEW BLVD.,    FT. MILL, SC 29715-7203
515874257       U.S. Department of Education,    PO Box 4609,    Utica, NY 13504-4609
515999333      +U.S. Department of Education,    c/o Fedloan Servicing,    P.O. Box 69184,
                Harrisburg, PA 17106-9184
515874259       U.S. Department of Education,    PO Box 530260,    Atlanta, GA 30353-0260
515874256       U.S. Department of Education,    PO Box 746000,    Atlanta, GA 30374-6000
515874260      +U.S. Department of Education,    PO Box 618064,    Chicago, IL 60661-7992
515874258       U.S. Department of Education,    National Payment Center,    PO Box 4169,
                Greenville, TX 75403-4169
515874261      +US DEpartment of Edcuation,    PO Box 5609,    Greenville, TX 75403-5609
515874262     ++WELLS FARGO BANK NA,    WELLS FARGO HOME MORTGAGE AMERICAS SERVICING,
                ATTN BANKRUPTCY DEPT MAC X7801-014,    3476 STATEVIEW BLVD,    FORT MILL SC 29715-7203
               (address filed with court: Wells Fargo Home Mortgage,     8480 Stagecoach Circle,
                Frederick, MD 21701)
515874265      +Wells Fargo Home Mortgage,    PO Box 17339,    Baltimore, MD 21297-1339
515874264      +Wells Fargo Home Mortgage,    PO Box 10437,    Des Moines, IA 50306-0437
515874263       Wells Fargo Home Mortgage,    4080 Hallmark Parkway,    San Bernardino, CA 92407

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov May 27 2020 00:31:18     U.S. Attorney,    970 Broad St.,
                Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov May 27 2020 00:31:14     United States Trustee,
                Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                Newark, NJ 07102-5235
515874250      +E-mail/Text: bk.notifications@jpmchase.com May 27 2020 00:31:04     Chase Auto Finance,
                PO Box 31167,    Tampa, FL 33631-3167
515874247      +E-mail/Text: bk.notifications@jpmchase.com May 27 2020 00:31:04     Chase Auto Finance,
                PO Box 5210,    New Hyde Park, NY 11042-5210
515874248      +E-mail/Text: bk.notifications@jpmchase.com May 27 2020 00:31:04     Chase Auto Finance,
                201 N. Center Avenue,    Phoenix, AZ 85004-1071
515874252       E-mail/Text: bk.notifications@jpmchase.com May 27 2020 00:31:04     Chase Automotive Finance,
                PO Box 15607,    Wilmington, DE 19886-1321
516100978       E-mail/PDF: ais.chase.ebn@americaninfosource.com May 27 2020 00:35:59
                JPMorgan Chase Bank, N.A.,    National Bankruptcy Department,    P.O. BOX 901032,
                Ft. Worth, TX 76101-2032
517543018      +E-mail/Text: GUARBKe-courtdocs@ascendiumeducation.org May 27 2020 00:30:11
                United Student Aid Funds, Inc (USAF),    PO Box 8961,    Madison  WI 53708-8961
                                                                                              TOTAL: 8

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
515874245*     +AES,    PO Box 2461,    Harrisburg, PA 17105-2461
515874251*     +Chase Auto Finance Corp.,    PO Box 5210,    New Hyde Park, NY 11042-5210
515874255*     +Kelvin Freeman,    1146 Loraine Avenue,    Plainfield, NJ 07062-2046
                                                                                 TOTALS: 0, * 3, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0312-2          User: admin                Page 2 of 2              Date Rcvd: May 26, 2020
                              Form ID: pdf901            Total Noticed: 30
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 28, 2020                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 22, 2020 at the address(es) listed below:
              Andrew L. Spivack    on behalf of Creditor    WELLS FARGO BANK, N.A. AS SERVICER FOR U.S. BANK
               NATIONAL ASSOCIATION, AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST 2007-WFHE3, ASSET-BACKED
               PASS-THROUGH CERTIFICATES, SERIES 2007-WFHE3 nj.bkecf@fedphe.com
              Andrew L. Spivack    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
               CITIGROUP MORTGAGE LOAN TRUST 2007-WFHE3, ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES
               2007-WFHE3 nj.bkecf@fedphe.com
              Denise E. Carlon     on behalf of Creditor    JPMORGAN CHASE BANK, N.A. dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Herbert B. Raymond    on behalf of Debtor Julie C Freeman herbertraymond@gmail.com,
               raymondmail@comcast.net;bankruptcyattorneys@comcast.net;herbertraymond@gmail.com;carbonell_c@hotm
               ail.com;kdelyon.raymond@gmail.com;herbertraymond5967@yahoo.com;raymondlaw5622@gmail.com;courtemai
               ls789@gmail.com
              Marie-Ann Greenberg     magecf@magtrustee.com
              Nicholas V. Rogers    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
               CITIGROUP MORTGAGE LOAN TRUST 2007-WFHE3, ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES
               2007-WFHE3 nj.bkecf@fedphe.com
              Sherri Jennifer Smith    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
               CITIGROUP MORTGAGE LOAN TRUST 2007-WFHE3, ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES
               2007-WFHE3 nj.bkecf@fedphe.com,  nj.bkecf@fedphe.com
                                                                                             TOTAL: 7
```